IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02186-ZLW

MARJORIE A. CREAMER,

Plaintiff,

v.

FORT COLLINS POLICE, et al.,

Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 2 0 2010

GREGORY C. LANGHAM
CLERK

---

ORDER DENYING MOTION TO REOPEN CASE

---

Plaintiff, Marjorie A. Creamer, has filed *pro se* on October 18, 2010, a "Motion to Reopen Case #10cv02186-BNB" asking the Court to reconsider and vacate the Order of Dismissal and the Judgment entered in this action on October 14, 2010. The Court must construe the motion liberally because Ms. Creamer is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will

consider Ms. Creamer's motion to reopen pursuant to Rule 59(e) because it was filed within twenty-eight days after the Judgment was entered in this action on October 14, 2010. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion). The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

The Court dismissed the instant action without prejudice because Ms. Creamer failed to comply with an order directing her to cure certain deficiencies. More specifically, Ms. Creamer failed to submit a completed affidavit in support of her motion seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

Although the motion to reopen is not entirely clear, Ms. Creamer apparently asserts that her *in forma pauperis* motion and supporting affidavit were not deficient because her signature on the motion and affidavit was notarized. However, the Court did not determine the motion and supporting affidavit were deficient based on the absence of a notarized signature. Instead, the supporting affidavit was deficient because it was incomplete and did not provide the necessary information regarding Ms. Creamer's income and expenses in order for the Court to determine if leave to proceed *in forma pauperis* should be granted. Ms. Creamer also refers in the motion to reopen to an amended summons, but it is not clear how the amended summons relates to the incomplete affidavit submitted in support of her *in forma pauperis* motion.

Upon consideration of the liberally construed motion to reopen and the entire file,

the Court finds that Ms. Creamer fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. Ms. Creamer fails to demonstrate the existence of an intervening change in controlling law or new evidence and she fails to convince the Court of any need to correct clear error or prevent manifest injustice. Therefore, the liberally construed motion to reopen will be denied. However, Ms. Creamer is reminded that the Court dismissed this action without prejudice. Therefore, if she wishes to pursue her claims, she may do so by commencing a new action. Accordingly, it is

ORDERED that the "Motion to Reopen Case #10cv02186-BNB" filed on October 18, 2010, is denied.

DATED at Denver, Colorado, this __20th__ day of __October__, 2010.

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02186-ZLW

Marjorie A. Creamer
705 S. Monroe
Smith Ctr., KS 66967

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 10/20/10

GREGORY C. LANGHAM, CLERK

By: _____
           Deputy Clerk